**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                            **17-CR-162V**

               **-v-**

**DARIUS DIX,**

               **Defendant.**
_____


## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J.
Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear
and report on dispositive motions.


## PRELIMINARY STATEMENT

The defendant, Darius Dix ("the defendant"), is charged, along with four
other co-defendants, with having violated Title 21 U.S.C. § 846.  Dkt. #1.  He has filed a
motion "to suppress physical evidence and statements obtained pursuant to [his] arrest
on December 27, 2016 in the City of Lockport, New York."  Dkt. #32, p. 3.  He also
"requests a hearing regarding this stop" on December 27, 2016.  Dkt. #32, p. 3.


It is recommended that this motion to suppress and a request for a
hearing be denied.  The defendant has failed to submit an affidavit based on personal

knowledge to support his motion and has failed to describe in any way the facts and circumstances that would justify holding a hearing let alone suppression of evidence.

In order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing.  *See United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson*, 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers.").  Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion in order to require a hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).  As defendant has failed to raise a factual basis for his motion to suppress statements, it is recommended that this aspect of his motion be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or

identifying the new arguments and explaining why they were not raised to the

Magistrate Judge."


DATED:       February 5, 2018
             Buffalo, New York


                                    ***S/ H. Kenneth Schroeder, Jr.***
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**