**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                                                             **17-CR-162V**

      **-v-**

**DARIUS DIX,**

          **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Darius Dix ("the defendant"), is charged, along with four other co-defendants, with having violated Title 21 U.S.C. § 846. Dkt. #1. He has filed an omnibus discovery motion wherein he seeks: (1) severance from his co-defendants; (2) exclusion at trial of statements made by "non-testifying co-conspirators;" (3) a bill of particulars; (4) "revelation of identity of informants;" (5) production of Rule 16 materials; (6) production and disclosure of *Brady, Giglio* and *Jencks* materials; (7) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 F.R.E.;" (8) preservation of rough notes and other evidence; (9) production of grand jury transcripts; (10) to join in co-defendants' motions; (11) permission to *voir*

*dire* government experts outside the presence of the jury; (12) an audibility hearing; (13) permission to make other motions. Dkt. #32.

The government has filed its response to the defendant's demands and has made a demand for reciprocal discovery pursuant to Rule 16(b) F. R. Crim. P. Dkt. #40.

## DISCUSSION AND ANALYSIS

**1. Defendant's Motion for a Severance**

This motion is denied without prejudice by this Court since this is a motion that must be made to the trial judge assigned to this case.

**2. Exclusion at Trial of Statements Made by Non-Testifying Co-Conspirators**

This request is a matter for the trial judge assigned to this case since it seeks a ruling on admission of evidence at trial and therefore the defendant's motion is DENIED by this Court without prejudice to renew it before the trial judge assigned to this case

### 3. Defendant's Demand for a Bill of Particulars

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

### 4. Revelation of Identity of Informants

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-

4

> disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* *See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

### 5. Production of Rule 16 Materials

The government represents that it has complied with its requirements under Rule 16 of the F. R. Crim. P. and that "it will continue to comply with its continuing duties to disclose set forth in Rule 16(c)." Dkt. #40, pp. 6-7. Based on this representation, the defendant's motion is DENIED as being moot.

### 6. Production and Disclosure of *Brady, Giglio* and *Jencks* Materials

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby

6

directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 7. Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609

The government has stated that "it intends to use the criminal history of the defendant to the extent permitted by Rule 609 of the F.R.E. to impeach the defendant should he testify at trial" and that it "intends to use evidence of defendant's prior involvement in the distribution of controlled substances including his prior conviction, as evidence pursuant to Rule 404(b)." The government further advises that the defendant "will be notified of such intention and the particulars of such information at

7

such time as the government files its pretrial memorandum with the District Court." (Docket #46, ¶ 7).

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is DENIED.

### 8. Preservation of Rough Notes

It appears that the defendant is attempting to have all potential *Jencks* materials preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

### 9. Production of Grand Jury Minutes

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to her "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by her. It is

pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

> It is also pointed out that:
> [A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

> Furthermore,
>
> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.

### 10. Defendant's Motion to Join in Co-Defendant's Motions

The defendant has also indicated that he joins in the motions filed by the co-defendants in this case and seeks to obtain any benefits that may be applicable to him as a result of said motions. This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in their motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

### 11. Defendant's Request to Voir Dire Government Experts Outside the Presence of the Jury

The defendant requests an order pursuant to Rule 104 of the FRE permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

### 12. Defendant's Request for an Audibility Hearing

Counsel for the defendant and the government have advised the Court that the audiotapes or CDs that may be used at trial by the government have not been reviewed at this time for purposes of determining whether there are any actual audibility problems or issues with respect to such tapes or CDs. Therefore, the defendant's motion in this regard is DENIED without prejudice with the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tapes or CD recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of

the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

### 13. Defendant's Request for Permission to Make Other Motions

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demands." (Dkt. #32, p. 40). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### Government's Request for Reciprocal Discovery

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within

the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	February 5, 2018
	Buffalo, New York


	_S/ H. Kenneth Schroeder, Jr._
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**